Francis J. "Casey" Flynn, Jr.
CA State Bar No. 304712
Law Office of Francis J. Flynn, Jr.
6220 W 3rd St # 115
Los Angeles, CA 90036
Telephone: (323) 424-4194
Email: francisflynn@gmail.com

Kevin S. Hannon (Pro Hac Vice to be filed)
Colo. Bar No. 16015
**THE HANNON LAW FIRM, LLC**.
1641 Downing Street
Denver, CO  80218
303-861-8800 Telephone
303-861-8855 Facsimile
Email: khannon@hannonlaw.com

*Attorneys for Plaintiff and the Class*          *Attorneys for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND TRACY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | **CASE NO. 3:18-cv-2128**<br><br>PLAINTIFF'S CLASS ACTION COMPLAINT FOR<br><br>(1) Violation of California's Unfair Competition Law ("UCL") – Unlawful Business Practice - (Cal. Bus. & Prof. Code § 17200, *et seq*.);<br>(2) Violation of California's Unfair Competition Law ("UCL") – Unfair Business Practice (Cal. Bus. & Prof. Code § 17200, *et seq*.);<br>(3) Violation of California's Unfair Competition Law ("UCL") – Fraudulent Business Practice (Cal. Bus. & Prof. Code § 17200, *et seq*.);<br>(4) Negligence;<br>(5) Intentional Misrepresentation;<br>(6) Unjust Enrichment;<br>(7) Invasion of Right of Privacy;<br>(8) Violations of the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq*.;<br>(9) Invasion of Privacy (Intrusion to Seclusion)<br>(10)      Conversion<br><br>JURY TRIAL DEMANDED |

CLASS ACTION

Plaintiff Leland Tracy, individually, and on behalf of all others similarly situated, ("Plaintiff"), alleges the following against Defendant Facebook, Inc. ("Facebook" or "Defendant"):

## SUMMARY OF THE CASE

1.     Facebook operates a social networking website through which owners of Facebook accounts can communicate with family, friends, and coworkers that they choose and can access services promoted and allowed by Facebook.  Facebook develops technologies for the sharing of information, photographs, website links, and videos and allows others to promote services on Facebook with restrictions that Facebook determines.  By the end of 2017, Facebook had more than 2.2 billion active users.

2.     Defendant Facebook provides multiple mechanisms through which users may access its social media product.  These include but are not limited to a website accessed through a computer's web browser, Facebook mobile device applications available on various operating systems (e.g. Android, iOS), and auxiliary applications such as Facebook Messenger and Facebook Lite.  Facebook's marketing of its mobile device applications has led many Facebook users to install its applications on their cell phones, including phones with the Android operating system.

3.     When installing such applications, Facebook users are not advised that using the application on an Android cell phone will result in the logging of all the user's call and text communications (including recipients, dates of communication, length of communication, and mode of communication) on Facebook's servers for Facebook's own use, even when not using the Facebook application.

4.     In the Android versions of Facebook's mobile application, Facebook has

1

collected and stored information in a scope and manner beyond that which users knowingly authorized, and the practice is ongoing.  This activity includes accessing users' call and text histories, including, but not limited to, metadata such as the names and numbers of persons contacted, the times of such contacts, and the lengths of such contacts, hereafter referred to as "Android Users Personal Communications Information."

5.     Android Users' Personal Communications Information has been and continues to be stored to Facebook's own servers.

6.     Facebook's Terms of Service state properly that the Facebook user is the owner of all of their data.

7.     The Android operating system for mobile devices allowed and allows Facebook applications to obtain Android Users' Personal Communications Information without fully disclosing that Facebook applications would access all of the Android Users' Personal Communications Information and send it to Facebook's private servers for storage and use.

8.     Facebook took advantage of this technical structure of the Android operating system to obtain Android Users' Personal Communications Information with insufficient notice such that ordinary Facebook users do not understand that they were allowing Facebook the ability to download, save, and utilize Android Users' Personal Communications Information through the use of Facebook applications.

9.      Facebook's unauthorized taking and use of Android Users' Personal Communications Information constitutes wrongful taking and storage of Plaintiff's and Class Members' personal data, and constitutes a consumer bait-and-switch, an invasion of privacy, wrongful monitoring of minors, and an attack on privileged communications in the context of Facebook users who use their cell phones (but not Facebook) to communicate in the context of protected relationships including but not limited to that of attorney/client and doctor/patient.

**JURISDICTION AND VENUE**

10.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, there are more than 100 class members, and at least one class member is a citizen of a state different from Defendant.  The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper under 28 U.S.C. § 1391(c) because Defendant is a corporation that does business in and is subject to personal jurisdiction in this District.  Venue is also proper because a substantial part of the events or omissions giving rise to the claims in this action occurred in or emanated from this District, including the decisions made by Facebook to permit the information aggregation and collection of Android Users' Personal Communications Information.

**PARTIES**

**A.     Plaintiff and Class Representatives**

12.     Plaintiff Leland Tracy is a U.S. citizen and resident of Pinson, Alabama. Plaintiff Tracy has owned a Facebook account since approximately 2009.

**B.     Defendant**

13.     Facebook, Inc. is incorporated in Delaware, and the Company's principal place of business and executive offices are located at 1601 Willow Road, Menlo Park, California 94025.  Facebook's securities trade on the NASDAQ under the ticker symbol "FB."

**FACTUAL BACKGROUND**

14.     On March 24, 2018, ArsTechnica.com, a respected online source for technology news, published an article detailing that Facebook "scraped call, text message data for years from Android phones."[1]  As set forth in the article, Facebook's Android-based application for

---

[1]     https://arstechnica.com/information-technology/2018/03/facebook-scraped-call-text-

accessing its services included functions that would collect the phone numbers to which a user's phone connected, whether via voice call or text. The Facebook phone application then transmitted to Facebook's corporate servers information about each such communication on the subject phone, including but not necessarily limited to: the phone numbers and identities of the persons taking part in communications, the date and time of communications, and the length of communications. Facebook could also access metadata about text and multimedia messages sent via SMS.

15.     In other words, the Facebook application on Android mobile phones allows Facebook to collect data from the operation of the phone that is generated outside of Facebook applications.

16.     Collection of Android Users' Personal Communications Information was set as part of the default installation of the Facebook application. Facebook did not provide notice of such monitoring and reporting in a way users would understand. This has resulted in a vast number of users of Facebook on Android devices being duped into participating in a monitoring system that they would not have agreed to had they first been told in plain language what data was being collected, and what was being done with it.

17.     By utilizing such data collection methods, Facebook has been able to amass a set of data matching people to their phone numbers, but also matching people to one another. By matching the phone numbers to other information, knowable by Facebook.com posts and other available information, Facebook can map relationships and, to a degree, the nature and type of relationships between affected Android users. Facebook users, including Plaintiff and Class Members, were not given enough information to knowingly opt into such a data collection program, and would not have allowed the collection and use of this data if they had first been informed of the data collection in ordinary language.

18.     Millions of individuals use Facebook through their Android-based phones.

message-data-for-years-from-android-phones/ (Last visited April 9, 2018).

Class Action Complaint

19.     On many Android phones, Facebook is installed as a default application, and cannot be removed by individuals who purchased the phone, even if they would not otherwise choose to opt into the Facebook's system of collecting and storing Android Users' Personal Communications Information.

20.     Facebook represents to its users that: "you have control over who sees what you share on Facebook."[2]   Facebook represents to its users that: "We have top-rate security measures in place to help protect you and your data when you use Facebook."[3]   Facebook represents to its users that: "Your activity (ex: posting a status or sending a message) is encrypted, which means it's turned into code so people can't access it without your permission."[4]   Facebook represents to its users that: "When it comes to your personal information, we don't share it without your permission (unless required by law)."[5]   Facebook represents to its users that: "Facebook gives people control over what they share, who they share it with, the content they see and experience, and who can contact them."[6]

21.     Facebook's storage and use of Android Users' Personal Communications Information violated Facebook's Data Use Policy on its website.[7]

22.     Those who use Facebook applications on Android phones, including Plaintiff and the Class Members, reasonably relied on Facebook's representations for the security of their Android Users' Personal Information in using Facebook applications.

23.     Plaintiff Leland Tracy owns and is a user of a Facebook account on his Android phone.

---

[2] https://www.facebook.com/about/basics.  Last accessed March 31, 2018.
[3] https://www.facebook.com/about/basics/stay-safe-and-secure/how-youre-protected.  Last accessed March 31, 2018.
[4] https://www.facebook.com/about/basics/stay-safe-and-secure/how-youre-protected#2.  Last accessed March 31, 2018.
[5] https://www.facebook.com/about/basics/stay-safe-and-secure/how-youre-protected#4.  Last accessed March 31, 2018.
[6] https://www.facebook.com/safety.  Last accessed March 31, 2018.
[7] https://www.facebook.com/full_data_use_policy.  Last accessed March 31, 2018.

24.     Mr. Tracy's Facebook data documents Facebook's collection and storage of Mr. Tracy's phone calls and texts on his Android phone. Even within the last week, Facebook has collected data from text messages and telephone calls Mr. Tracy made on his Android phone, not using any aspect of any Facebook application, and stored that data on Facebook's servers. Plaintiff did not consent to the access and storage of his Android Users' Personal Communications Information by Defendant Facebook. Plaintiff has suffered annoyance and interference by the manipulation of his Facebook account by Defendant, is concerned about the privacy of his Facebook data and phone call and text data which Facebook illegally harvests, of which he is the owner, and has suffered injuries, damages, and losses by the unauthorized taking of his private data.

## CLASS ACTION ALLEGATIONS

25.     Pursuant to Rule 23(b)(2), (b)(3) and (c)(4) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, bring this lawsuit on behalf of themselves and as a class action on behalf of the following class:

> All citizens of the United States who own Facebook accounts and whose Android Users' Personal Communications Information was obtained by Defendant Facebook through their Facebook, Facebook Lite, or Facebook Messenger applications on their Android cell phones.

(referred herein as "Class Members.")

26.     Excluded from the Class are (i) any judge presiding over this action, his or her spouse, and persons within the third degree of relationship to them; (ii) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (iii) any officers or directors of Defendant; (iv) persons who properly execute and file a timely request for exclusion from the Class; and (v) the legal representatives, successors, or assigns of any such excluded persons.

27.     **Numerosity:** The members of the Class are so numerous that joinder of all members of the Class would be impracticable.   Plaintiff reasonably believes that Class members number in the thousands.   The names and addresses of Class Members are identifiable through documents maintained by Defendant.

28.     **Commonality and Predominance:** This action involves common questions of law or fact, which predominate over any questions affecting individual Class Members, including, but not limited to:

     i.    Whether Facebook represented that it would safeguard Plaintiff's and Class Members' Android Users' Personal Communications Information and not disclose it without consent;

    ii.    Whether Facebook improperly obtained Plaintiff's and Class members' Android Users' Personal Communications Information without authorization or in excess of any authorization;

    iii.    Whether Defendant breached a legal duty to Plaintiff and the Class Members to exercise due care in collecting, storing, safeguarding, and/or obtaining their Android Users' Personal Communications Information;

    iv.    Whether Defendant's conduct violated Cal. Civ. Code § 1750, *et seq.*;

    v.    Whether Defendant's conduct was an unlawful or unfair business practice under Cal. Bus. & Prof. Code § 17200, *et seq.*;

    vi.    Whether Defendant's conduct violated § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, *et seq.*;

    vii.    Whether Defendant's conduct violated Cal. Bus. & Prof. Code § 22575, *et seq.*;

    viii.    Whether Defendant failed to adhere to their posted privacy policy concerning the care they would take to safeguard Plaintiff's and Class

Class Action Complaint

Members' Android Users' Personal Communications Information in violation of California Business and Professions Code § 22576; and

ix.     Whether Defendant negligently and materially failed to adhere to their posted privacy policy with respect to the extent of their disclosure of users' data, in violation of California Business and Professions Code § 22576;

x.      Whether Facebook's representations that they would secure and not disclose without consent the Android Users' Personal Communications Information of Plaintiff and members of the Class were facts that reasonable persons could be expected to rely upon when deciding whether to use Facebook's services;

xi.     Whether Facebook misrepresented the safety of its many systems and services, specifically the security thereof, and their ability to safely store Plaintiff's and Class Members' Android Users' Personal Communications Information;

xii.    Whether Facebook failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

xiii.   Whether Defendant's acts, omissions, misrepresentations, and practices were and are likely to deceive consumers;

xiv.    Whether Plaintiff and the Class Members suffered annoyance and interference in the use of their Android Users' Personal Communications Information.

xv.     Whether Plaintiff and the Class Members are entitled to equitable relief, including, but not limited to, injunctive relief and restitution;

xvi.    Whether Plaintiff and the Class Members are entitled to actual, statutory, or other forms of damages, and other monetary relief; and

Class Action Complaint

xvii.     Whether Defendant was unjustly enriched by the use of Plaintiff's and Class Members' Android Users' Personal Communications Information.

29.     Individual questions, if any, pale by comparison, in both quantity and quality, to the numerous common questions that dominate this action.

30.     **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, Plaintiff and the other Class Members were injured through the substantially uniform misconduct by Defendant.  Plaintiff is advancing the same claims and legal theories on behalf of themselves and all other Class Members, and there are no defenses that are unique to Plaintiff.  The claims of Plaintiff and those of other Class Members arise from the same operative facts and are based on the same legal theories.

31.     **Adequacy of Representation:** Plaintiff is an adequate representative of the class, because Plaintiff's interests do not conflict with the interests of the other Class Members Plaintiff seeks to represent; he has retained counsel competent and experienced in complex class action litigation and Plaintiff will prosecute this action vigorously.  The Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel.

32.     **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this matter as a class action.  The damages, harm, or other financial detriment suffered individually by Plaintiff and the other members of the Class are relatively small when compared to the burden and expense that would be required to litigate their claims on an individual basis against Defendant, making it impracticable for Class Members to individually seek redress for Defendant's wrongful conduct.  Even if Class Members could afford individual litigation, the court system could not.  Individualized litigation would create a potential for inconsistent or contradictory judgments, and increase the delay and expense to all parties and the court system.  By contrast, the class action device

presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

33.     Further, Defendant has acted or refused to act on grounds generally applicable to the Class and, accordingly, final injunctive or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

34.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification, because such claims present only particular common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.  Such particular issues include, but are not limited to:

    a.    Whether (and when) Facebook knew about the improper collection of Android Users' Personal Communications Information;

    b.    Whether Defendant's conduct was an unlawful or unfair business practice under Cal. Bus. & Prof. Code § 17200, *et seq.*;

    c.    Whether Defendant's conduct violated § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, *et seq.*;

    d.    Whether Facebook's representations that they would secure and not disclose without consent the Android Users' Personal Communications Information of Plaintiff and members of the Class were facts that reasonable persons could be expected to rely upon when deciding whether to use Facebook's services;

    e.    Whether Facebook misrepresented the safety of its many systems and services, specifically the security thereof, and their ability to safely store Plaintiff's and Class Members' Android Users' Personal Communications Information;

    f.    Whether Facebook failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

g.    Whether Defendant's acts, omissions, misrepresentations, and practices were and are likely to deceive consumers;

h.    Whether Defendant's conduct violated Cal. Bus. & Prof. Code § 22575, *et seq.*;

i.    Whether Defendant failed to adhere to their posted privacy policy concerning the care they would take to safeguard Plaintiff's and Class Members' Android Users' Personal Communications Information in violation of California Business and Professions Code § 22576; and

j.    Whether Defendant negligently and materially failed to adhere to their posted privacy policy with respect to the extent of their disclosure of users' data, in violation of California Business and Professions Code § 22576.

## CLAIMS ALLEGED ON BEHALF OF ALL CLASS MEMBERS

### First Claim for Relief
### Violation of California's Unfair Competition Law ("UCL") – Unlawful Business Practice - (Cal. Bus. & Prof. Code § 17200, *et seq.*)

35.    Plaintiff incorporates the substantive allegations above as if fully set forth herein.

36.    By reason of the conduct alleged herein, Defendant engaged in unlawful practices within the meaning of the UCL.  The conduct alleged herein is a "business practice" within the meaning of the UCL.

37.    Facebook did not disclose to users of phones with the Android operating system that their Android Users' Personal Communications Information generated when they were not using the Facebook app would be collected and stored on Facebook's servers for Facebook's use.

38.    Facebook improperly collected and stored Plaintiff's and Class Members' Android Users' Personal Communications Information.

Class Action Complaint

39.     Facebook obtained and stored Plaintiff's and Class Members' Android Users' Personal Communications for its use without authorization or in excess of any authorization it may have obtained.

40.     Defendant's acts, omissions, and misrepresentations as alleged herein were unlawful and in violation of, *inter alia*, Cal. Civ. Code § 1798.81.5(b), Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and Cal. Bus. & Prof. Code § 22576 (as a result of Facebook failing to comply with its own posted policies); and Violations of the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*

41.     Furthermore, Defendant's acts, omissions, and misrepresentations as alleged herein were unlawful and constituted negligence, intentional misrepresentation, unjust enrichment, Invasion of Right of Privacy, conversion, and invasion of the right to privacy (intrusion to seclusion).

42.     Plaintiff and the Class Members suffered injury-in-fact and lost money or property as the result of Defendant's unlawful business practices.  In particular, Plaintiff's and Class Members' Android Users' Personal Communications Information property was taken for Facebook's own advantage.

43.     There is no benefit to consumers or competition from unlawfully collecting Plaintiff's and Class members' Android Users' Personal Communications Information.

44.     Plaintiff and the other Class members had no way of reasonably knowing that Defendant was collecting their Android Users' Personal Communications Information without authorization. Thus, they could not have reasonably avoided the injury each of them suffered.

45.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and other Class members.

46.     As a result of Defendant's unlawful business practices, Plaintiff and the Class Members are entitled to restitution, disgorgement of wrongfully obtained profits, and injunctive relief.

**Second Claim for Relief**
**Violation of California's Unfair Competition Law ("UCL") –**
**Unfair Business Practice (Cal. Bus. & Prof. Code § 17200, *et seq*.)**

47.     Plaintiff incorporates the substantive allegations above as if fully set forth herein.

48.     By reason of the conduct alleged herein, Defendant engaged in "unfair" "business practices" within the meaning of the UCL.

49.     Facebook failed to disclose the material fact that Facebook would access all of the Android Users' Personal Communications Information and send it to Facebook's private servers for storage and use.

50.     Facebook failed to disclose that using the Facebook Application would give Facebook the ability to download, save, and utilize Plaintiff's and the Class Members' Android Users' Personal Communications Information.

51.     Defendant misrepresented what data Defendant could access, collect, store, and/or use.

52.     Facebook stored the Android Users' Personal Communications Information of Plaintiff and the Class Members in its electronic and consumer information databases without the affirmative consent of Plaintiff and the Class Members.

53.     Defendant's collection, storage and use of Plaintiff's and Class Members' personal data with third parties exceeded authorization from any party to the personal data at issue.

54.     Defendant  represented to Plaintiff and the Class Members that their Personal Information would remain private.  Defendant further engaged in unfair acts and business

practices by representing that their Android Users' Personal Communications Information would remain private.

55.     There is no benefit to consumers or competition from unfairly collecting Plaintiff's and Class members' Android Users' Personal Communications Information.

56.     Plaintiff and the other Class members had no way of reasonably knowing that Defendant was collecting their Android Users' Personal Communications Information without authorization. Thus, they could not have reasonably avoided the injury each of them suffered.

57.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and other Class members.

58.     Plaintiff and the Class Members suffered injury-in-fact and lost money or property as the result of Defendant's unfair business practices.  In particular, Plaintiff's and Class Members' Android Users' Personal Communications Information was taken by Defendant for its own use and profit and so is of tangible value.

59.     There is no benefit to consumers or competition from deceptively collecting Plaintiff's and the Class Members' Android Users' Personal Communications Information.

60.     Plaintiff and the other Class members had no way of reasonably knowing that Defendant was collecting Plaintiff's and the Class Members' Android Users' Personal Communications Information without authorization. Thus, they could not have reasonably avoided the injury each of them suffered.

61.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical,

Class Action Complaint

1   unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and

2   other Class members.

3       62.    As a result of Defendant's unfair business practices, Defendant violated the

4   UCL and Plaintiff and the Class Members are, therefore, entitled to restitution, disgorgement

5   of wrongfully obtained profits and injunctive relief.

6                        **Third Claim for Relief**

7   **Violation of California's Unfair Competition Law ("UCL") –
    Fraudulent Business Practice (Cal. Bus. & Prof. Code § 17200, *et seq.*)**

8       63.    Plaintiff incorporates the substantive allegations above as if fully set forth

9   herein.

10      64.    By reason of the conduct alleged herein, Defendant engaged in "fraudulent"

11  business practices within the meaning of the UCL.

12      65.    Facebook stored Android Users' Personal Communications Information on its

13  electronic and consumer information databases.  Facebook falsely and knowingly represented

14  to Plaintiff and the Class Members that their personal information would remain private.

15  Facebook engaged in fraudulent business practices by representing that they would not use

16  Plaintiff's and Class Members' personal information without authorization, and/or by

17  obtaining their Android Users' Personal Communications Information without authorization.

18      66.    Facebook's statements that it would maintain the confidentiality of Plaintiff's

19  and Class Members' private information were false because Facebook knowingly and

20  intentionally accessed, stored and used that information, which it used for its own advantage

21  for commercial profit, without any permission or sufficient permission from Plaintiff and Class

22  Members.

23      67.    As more fully described above, Defendant's statements and omissions about its

24  collection of Android Users' Personal Communications Information was likely to deceive

25  reasonable consumers. Indeed, while Defendant led Plaintiff and members of the Class to

26  believe that Defendant was not collecting Android Users' Personal Communications

27

28

Information, Defendant was in fact collecting such data. Said acts are fraudulent business practices.

68.     Plaintiff and Class Members suffered injury-in-fact and lost money or property as the proximate result of Defendant's unfair business practices.  In particular, Plaintiff's and Class Members' Android Users' Personal Communications Information was taken and it is in the possession of Facebook which has uses it for its own advantage, including financial advantage, making it clear that the stolen information has tangible value.

69.     Plaintiff and the Class Members justifiably relied on the representations Facebook made in its privacy policies.

70.     There is no benefit to consumers or competition from fraudulently collecting Android Users' Personal Communications Information.

71.     Plaintiff and the other Class members had no way of reasonably knowing that Defendant was collecting their call logs and text data without authorization. Thus, they could not have reasonably avoided the injury each of them suffered.

72.     The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and other Class members.

73.     As a result of Defendant's fraudulent business practices and violations of the UCL, Plaintiff and Class Members are entitled to restitution, disgorgement of profits and injunctive relief.

## Fourth Claim for Relief
### Negligence

74.     Plaintiff incorporates the substantive allegations above as if fully set forth herein.

75. Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in the operation of its applications, including the privacy of Android Users' Personal Communications Information.

76. Defendant knew that the Plaintiff's and Class Members' Android Users' Personal Communications Information was valuable personal and sensitive information.

77. By being entrusted by Plaintiff and the Class Members to safeguard their Personal Information, Facebook had a special relationship with Plaintiff and the Class Members. Plaintiff and Class Members signed up for Facebook's services with the understanding that Facebook would take appropriate measures to protect it, and would not collect, store, and use private information for which they did not give explicit permission to collect. Facebook did not. Facebook has collected, stored and used Android Users' Personal Communications Information without their permission for its own use.

78. Defendant breached its duty by failing to adopt, implement, and maintain adequate security measures to safeguard the Plaintiff's and the Class Members' Android Users' Personal Communications Information, and by obtaining that Personal Information without authorization.

79. Facebook also breached its duty to timely disclose that Plaintiff and Class Members' Android Users' Personal Communications Information has been collected, stored, and used by Facebook for its advantage.

80. But for Defendant's wrongful and negligent breach of its duties owed to Plaintiff and Class Members, their Android Users' Personal Communications Information would not have been improperly obtained. Defendant's negligence was a direct and legal cause of the collection, storage, and use of the Android Users' Personal Communications Information of Plaintiff and the Class Members and all damages resulting therefrom.

81.     The injury and harm suffered by Plaintiff and the Class Members was the reasonably foreseeable result of Defendant's failure to exercise reasonable care in safeguarding and protecting Plaintiff's and the other Class Members' Personal Information.

82.     As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members suffered injuries, damages, losses, and/or harm, including but not limited to annoyance, interference, concern, lost time, and the loss of personal property, justifying an award of compensatory and punitive damages.

## Fifth Claim for Relief
### Intentional Misrepresentation

83.     Plaintiff incorporates the substantive allegations above as if fully set forth herein.

84.     Defendant Facebook intentionally misrepresented the use and access to the data that Plaintiff and Class Members owned on their Android phones.

85.     Defendant Facebook intentionally misrepresented to Plaintiff and the Class Members the protection and privacy of their Facebook data as described in paragraphs 20 and 21 above, and in other means.  In addition, Defendant Facebook intentionally failed to disclose that it was collecting, storing and using Plaintiff's and Class Members' Android Users' Personal Communications Information.

86.     Defendant's representations were false, because Defendant Facebook knowingly and intentionally collected, stored and used Android Users' Personal Communications Information, and did so for Facebook's financial and commercial advantage without permission from Plaintiff and Class Members.

87.     Facebook's representations were material to Plaintiff's and Class Members' decision to use Facebook applications on cell phones with the Android operating system.

88.     Plaintiff and the Class Members justifiably relied on the representations Facebook made in its Privacy Policy and elsewhere on their website and acted in reliance on those representations by using Facebook applications on an Android mobile device.

89.     Defendant Facebook knew of the falsity of its representations, and its representations were made to deceive Plaintiff and Class Members into allowing the use of Facebook applications that could be used to obtain Android Users' Personal Communications Information for Facebook's financial and marketing advantage.

90.     Defendant Facebook knew it did not have permission to obtain, store and use Android Users' Personal Communications Information because it did not attempt to obtain permission from Plaintiff and the Class Members.

91.     Plaintiff and the Class Members suffered injury-in-fact and lost property as a proximate result of Defendant Facebook's intentional misrepresentation.

92.     As a direct and proximate result of Defendant Facebook's intentional misrepresentation, Plaintiff and Class Members suffered injuries, damages, losses or harm, including but not limited to annoyance, interference, concern, lost time, and the loss of personal property, justifying an award of compensatory and punitive damages.

## Sixth Claim for Relief
### Unjust Enrichment

93.     Plaintiff incorporates the substantive allegations above as if fully set forth herein.

94.     Defendant Facebook has received and retained moneys by using Android Users' Personal Communications Information without their consent.  Defendant thus profited by the taking of the property of Plaintiff and Class Members without compensating Plaintiff and Class Members.

Class Action Complaint

95.     Defendant has thus received a benefit at the expense of Plaintiff and Class Members, and not by mistake but by intentional conduct.  It would be unconscionable and contrary to equity for Defendant to retain that benefit.

96.     The Court should award as a remedy the monies obtained by Defendant as a result of the use of Plaintiff's and Class Members' property (their Android Users' Personal Communications Information), and the reasonable value of that property.

### Seventh Claim for Relief
### Invasion of Right of Privacy

97.     Plaintiff incorporates the substantive allegations above as if fully set forth herein.

98.     Article 1, Section 1 of the California Constitution expressly provides a right to privacy.  This right is enforced through the tort of the invasion of privacy.

99.     Facebook's terms of service provide that its users' Android Users' Personal Communications Information was private.

100.    Facebook's users reasonably believed that they would communicate with their family and friends through Facebook applications without their personal information being collected, stored and used without permission or notice.

101.    Plaintiff and Class Members have an interest in preventing the unauthorized disclosure and/or misuse of their Android Users' Personal Communications Information and in conducting their personal activities without intrusion or interference.  This includes the right not to have their Android Users' Personal Communications Information collected, stored and used by Facebook.

102.    Defendant intentionally intruded on Plaintiff's and Class Members' private place, conversation, matter, seclusion, solitude and relationships and otherwise invaded their right to privacy without consent and permission.

Class Action Complaint

103.    Defendant's intrusive conduct was and is highly objectionable to reasonable persons and constitutes an egregious intrusion on Plaintiff's and Class Members' rights to privacy.

104.    Plaintiff and Class Members were harmed by Defendant's invasion of their rights to privacy.

105.    As a direct and proximate result of Defendant's invasion of Plaintiff's and Class Members' privacy, Plaintiff and Class Members suffered injuries, damages, losses or harm, including but not limited to annoyance, interference, concern, lost time, and the loss of personal property, justifying an award of compensatory and punitive damages.

**Eighth Claim for Relief**
**Violations of the Stored Communications Act**
**18 U.S.C. §§ 2701, et seq.**

106.    Plaintiff incorporates the substantive allegations above as if fully set forth herein.

107.    By unlawfully accessing, storing and using, and/or divulging the content of Plaintiff's and Class Members' Android Users' Personal Communications Information, Defendant violated the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.*

108.    The Stored Communications Act ("SCA") defines electronic storage as "any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and any storage of such communication by an electronic communication service for purposes of backup protection of such communication."

109.    The servers Defendant used to provide electronic communications service to Plaintiff and Class Members are a "facility" within the meaning of the SCA.

110.    Defendant is a "person" within the meaning of the SCA.

111.    Defendant's collection, storage and use of Plaintiff's and Class Members' personal data with third parties exceeded authorization from any party to the personal data at issue.

112.    Defendant's collection, storage and use of Android Users' Personal Communications Information resulted in and constitutes interstate data transmissions in violation of the SCA.

113.    As a direct and proximate result of Defendant's violations of the SCA, pursuant to 18 U.S.C § 2707(c), Plaintiff and Class Members are entitled to 1) minimum statutory damages of $100 per person; 2) punitive damages, costs, and 3) reasonable attorney fees.

### Ninth Claim for Relief
#### Conversion

114.    Plaintiff incorporates the substantive allegations above as if fully set forth herein.

115.    As Facebook's terms of service demonstrate, Plaintiff and Class Members were the owners and possessors of private data in the form of their Android Users' Personal Communications Information.  As a result of its wrongful conduct, Defendant has interfered with the Plaintiff's and Class Members' right of possession and control of their Android Users' Personal Communications Information and has taken that property for its own use, property to which Plaintiff and Class Members had a superior right of possession and control at the time of conversion.

116.    In converting Plaintiff's and Class Members' Android Users' Personal Communications Information, Defendant acted with malice, oppression, and in conscious disregard of the rights of Plaintiff and Class Members.

117.    As a direct and proximate result of Defendant's conversion of Plaintiff's and Class Members' property, Plaintiff and Class Members suffered injuries, damages, losses or

Class Action Complaint

harm, including but not limited to annoyance, interference, concern, lost time, and the loss of personal property, justifying an award of compensatory and punitive damages.

**Tenth Claim for Relief**
**Invasion of Privacy (Intrusion to Seclusion)**

118.    Plaintiff incorporates the substantive allegations above as if fully set forth herein.

119.    Plaintiff and the Class Members have reasonable expectations of privacy in their Android Users' Personal Communications Information.

120.    The Plaintiff's private affairs include Android Users' Personal Communications Information. These are not matters of legitimate public concern.

121.    By surreptitiously obtaining, improperly gaining knowledge, reviewing, retaining, storing, and/or using Plaintiff's and the Class Members' Android Users' Personal Communications Information, Defendant intentionally intruded on and into each respective Plaintiff's solitude, seclusion, or private affairs.

122.    The Defendant's intrusions were highly offensive to a reasonable person. These intrusions were so highly offensive that myriad newspaper articles, blogs, op-eds, and investigative exposés were written complaining and objecting vehemently to Defendant's practices. The surreptitious manner in which Defendant conducted the intrusion confirms its outrageous nature.

123.    As a direct and proximate result of the Defendant's actions, Plaintiff suffered harm and damages.

124.    Defendant received substantial financial, economic, and advertising, public relations and other benefits from the business practices at issue.

125.    Defendant knowingly and/or recklessly permitted the access, collection, storage, and use of Plaintiff's and the Class Members' Android Users' Personal Communications Information.

126.    Defendant's conduct described herein was willful, malicious and oppressive, and constitutes despicable conduct in conscious disregard of the rights of Plaintiff and the Class Members.

127.    As a result of Defendant's conduct described herein, Defendant was unjustly enriched.

128.    Wherefore, Plaintiff prays for relief and judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class Members, respectfully request that this Court enter an Order:

(a)    Certifying the Class and appointing Plaintiff as a Class Representative and his counsel as counsel for the class;

(b)    Finding that Defendant's conduct was negligent, fraudulent, deceptive, unfair, and unlawful as alleged herein;

(c)    Enjoining Defendant from engaging in further negligent, deceptive, unfair, and unlawful business practices alleged herein;

(d)    Awarding Plaintiff and the Class Members nominal, actual, compensatory, and consequential and punitive damages;

(e)    Awarding Plaintiff and the Class Members statutory damages and penalties, as allowed by law;

(f)    Awarding Plaintiff and the Class Members restitution and disgorgement;

(g)    Awarding Plaintiff and the Class Members pre-judgment and post-judgment interest;

(h)    Awarding Plaintiff and the Class Members reasonable attorneys' fees costs and expenses; and

(i)    Granting such other relief as the Court deems just and proper.

1

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of all claims in this Complaint so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: April 8, 2018

By:    /s/ Francis J. "Casey" Flynn, Jr.
Francis J. "Casey" Flynn, Jr.
CA State Bar No. 304712
6220 W 3rd St # 115
Los Angeles, CA 90036
Telephone: 314-662-2836
Email: francisflynn@gmail.com

Kevin S. Hannon (Pro Hac Vice to be filed)
Colo. Bar No. 16015
**THE HANNON LAW FIRM, LLC**.
1641 Downing Street
Denver, CO  80218
303-861-8800 Telephone
303-861-8855 Facsimile
Email: khannon@hannonlaw.com

*Attorney for Plaintiff and the Class*

25

Class Action Complaint